IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CLAUDE BAGLEY<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | C.A. _____ |
| UNION PACIFIC RAILWAY COMPANY<br>    Defendant. | §<br>§ | JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now respectfully comes Plaintiff, Claude Bagley, complaining of Defendant, Union Pacific Railway Company ("Union Pacific") and would respectfully show the Court the following:

### Parties

1. Plaintiff is a railroad worker, a citizen of the State of Texas, and a resident of Marshall, Texas.

2. Defendant Union Pacific is a foreign corporation doing business in and subject to personal jurisdiction in the Eastern District of Texas in that it has regular and systematic contacts with this District. Union Pacific may be served with a copy of Plaintiff's Original Complaint by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### Jurisdiction and Venue

3. This is an action arising under the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* and the jurisdiction of this Court is invoked under provisions of said Act.

4.     Venue is proper in this District pursuant to 28 USC §1391 in that Plaintiff resides in this District and Division, and Defendant resides in and has regular and systematic contacts in the Eastern District of Texas.

### Causes of Action
### FELA Negligence: Count I

5.     At all times mentioned in this Complaint, Union Pacific was a common carrier by railroad engaged in interstate commerce through and between the several states, and Plaintiff was employed by Union Pacific to further those activities. The injuries complained of in this complaint were sustained within the course and scope of that employment.

6.     On or about March 22, 2017, Plaintiff was injured while working as a Conductor for Union Pacific. Plaintiff and a crew member were in the process of switching railroad cars when a slippery substance on the platform of the car Plaintiff was working on caused Plaintiff to fall unexpectedly, striking the ground. As a result of the hazardous conditions created by Union Pacific, Plaintiff sustained serious and disabling injuries to his back, neck, right hip, both ankles, knees and other parts of his body.

7.     The injuries to Plaintiff were due in whole or in part to the negligence of Union Pacific, its agents, servants or employees acting in the course and scope of their employment.

8.     By virtue of the provisions of the FELA, 45 U.S.C. § 51, *et seq.*, Union Pacific had a non-delegable duty to provide Plaintiff with a safe place to work. Through the acts of its employees, agents, servants and employees, Union Pacific failed to provide Plaintiff with a reasonably safe place to work, thereby causing and/or contributing to his injuries in whole or in part. Union Pacific's negligence included, but is not limited to the following acts:

   a. Failed in its non-delegable duty to provide Plaintiff with a reasonably

safe place to work;

b. Failed to inspect and maintain its car and appurtenances to be certain same would function properly and safely when Union Pacific employees, including Plaintiff, had to perform their job duties;

c. Failed to provide Plaintiff with safe equipment to perform his job safely;

d. Failed to exercise due care and caution commensurate with the surrounding circumstances;

e. Failed to warn Plaintiff of unsafe conditions of which it knew, or in the exercise of reasonable care should have known; and

f. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

**Violation of Federal Safety Appliance Act**
**49 U.S.C. § 20302 and Related Federal Regulations: Count II**

9. The car in use on Defendant's line was in such a condition that it was not safe to operate without unnecessary danger of personal injury and failed to comply with 49 U.S.C. § 20302 and related federal regulations.  The violation of the Acts and/or said regulations, in whole or in part, caused the occurrence made the basis of this action and the injuries and damages which Plaintiff suffered.

**Damages**

10. Because of the nature and consequence of this accident, Plaintiff suffered injuries and impairment to his back, neck, right hip, both ankles,knees and other parts of his body.  Plaintiff has suffered physical pain, suffering and mental anguish and, in all reasonable probability, will continue to suffer in this manner for the balance of his life.

11.     At the time of the accident complained of, Plaintiff was gainfully employed as a railroad worker.  Plaintiff has lost wages and benefits in the past and, within reasonable probability, will suffer a loss of wages, benefits, and earning capacity in the future.  As a further result thereof, Plaintiff has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing services. These expenses were incurred for the care and treatment of the injuries resulting from the accident complained of.  The charges for those services are reasonable and are the customary charges made for such services in the area in which they were rendered.

12.     As a further result of the injuries sustained by Plaintiff he will, within reasonable medical probability, incur future expenses for his medical care and attention. Plaintiff has suffered in the past and within reasonable medical probability, will continue to suffer in the future from physical impairment.

## Jury Demand

13.     Plaintiff requests a trial by jury.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Claude Bagley prays that he have judgment against Union Pacific Railway Company in a total sum in excess of the minimum jurisdictional limits of this Court, plus post-judgment interest, all costs of Court, and for such other and further relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

**THE YOUNGDAHL LAW FIRM, P.C.**

*/s/ Sara Youngdahl*
Sara Youngdahl
State Bar No. 24010504
4203 Montrose Blvd., Suite 280
Houston, Texas 77034-4906
281-996-0750
281-996-0725/Fax
syoungdahl@youngdahl.com

**ATTORNEY FOR PLAINTIFF
CLAUDE BAGLEY**